IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN L. McCOY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-0631-MJR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER ON THRESHOLD REVIEW OF
PETITION UNDER 28 U.S.C. 2255

REAGAN, Chief Judge:

In June 2007, in Case No. 07-cr-30012-MJR, Steven McCoy pled guilty to possession with intent to distribute 13.3 grams of cocaine base, in violation of 21 U.S.C. 841(a)(1). The undersigned District Judge sentenced McCoy in October 2007 to 200 months in prison (running consecutively to two state court-imposed sentences McCoy was serving already), followed by five years of supervised release. Judgment was entered on October 5, 2007. No direct appeal was taken.

On June 13, 2016, McCoy filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. 2255. The motion is based on two United States Supreme Court decisions – ***Johnson v. United States*, -- U.S. --, 135 S. Ct. 2251 (June 26, 2015),** which found unconstitutional the residual clause of the Armed Career Criminal Act, 18 U.S.C. 924(e)(2)(B)(ii), and ***Welch v. United States*, -- U.S. --, 136 S. Ct. 1257 (April 18, 2016),** which held that *Johnson* announced a new substantive rule that is retroactively applicable to cases on collateral review.

Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS directs the Judge who receives a § 2255 motion to promptly examine it.  If it plainly appears from the motion, any exhibits, and the record of prior proceedings that the moving party is *not* entitled to relief, the judge must dismiss the motion.  Otherwise, the District Court *must* order the United States Attorney to file a response within a fixed time.  Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS explains that if the motion is not dismissed, then depending on the issues raised and briefs filed, the Judge must determine whether an evidentiary hearing is warranted.

A one-year limitation period governs petitions to vacate, set aside, or correct a sentence.  **28 U.S.C. 2255(f);** *Narvaez v. United States,* **674 F.3d 621, 625 (7th Cir. 2011).** The one-year period is triggered by the latest of four events and typically runs from "the date on which the judgment of conviction becomes final."  **28 U.S.C. 2255(f)(1);** *Clay v. United States,* **537 U.S. 522, 524 (2003).**  McCoy's judgment became final years ago, but he implicitly relies on § 2255(f)(3), which allows a petition to be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Assuming, arguendo, that the petition is timely under § 2255(f)(3), it does not automatically follow that McCoy is entitled to relief under § 2255.  For instance, it is not clear what effect (if any) his waiver of the right to collaterally attack his sentence has.  In the written plea agreement he executed, in exchange for concessions by the United

States, McCoy waived his right to challenge his sentence under 28 U.S.C. 2255 (*see* Doc. 37 in Case No. 07-30012).  But the plea agreement carved out an exception for a change in federal sentencing laws declared retroactive by the United States Supreme Court or the Seventh Circuit *which renders the Defendant actually innocent of the charges* (*Id.,* pp. 10-11).  The plea agreement also contains an exception to the waiver for "appeals based upon Sentencing Guideline Amendments which are made retroactive by the United States Sentencing Commission" (*Id.*, p. 11).  It also bears note that McCoy was sentenced not under the residual clause of the Armed Career Criminal Act (which was struck down in *Johnson*), but under the career offender provision in the U.S. Sentencing Guidelines (Section 4B1.1(a))[1].  But the Court will allow the parties to brief whether McCoy has a viable *Johnson*-based claim for § 2255 relief.  The Court will decide later whether a hearing is needed.

In accord with Administrative Order 176 of this District Court, the Federal Public Defender's Office for the Southern District of Illinois is **APPOINTED** to assist McCoy on his *Johnson*-based § 2255 petition.  A copy of this Order shall be sent both to Federal Public Defender Phillip J. Kavanaugh and to Petitioner McCoy.

The Court **SETS THE FOLLOWING BRIEFING SCHEDULE** on the § 2255 petition.

---

[1] Section 4B1.2 of the Sentencing Guidelines defines the terms used in the career offender Guideline.  Section 4B1.2(a) contains a residual clause which is identical to the residual clause of the statute invalidated as impermissibly vague in *Johnson*.  But even if *Johnson*'s holding is extended from the ACCA statute to the Guidelines, it may not help McCoy - who appears to have been sentenced under the "controlled substance offense" portion of the career offender Guideline (§4B1.2(b)), not the "crime of violence" portion of that Guideline (§4B1.2(a)).

- By **August 31, 2016**, Petitioner's counsel shall file a **memorandum in support** of the pro se § 2255 petition (or a memorandum explaining that, in counsel's estimation, there is no non-frivolous basis on which to do so).

- By **September 30, 2016**, the United States shall file its **response.**

- By **October 31, 2016**, Petitioner's counsel (or Petitioner, if counsel has been relieved) may file a **reply brief** no longer than 5 pages.

IT IS SO ORDERED.

DATED June 22, 2016.

s/*Michael J. Reagan*
Michael J. Reagan
United States District Judge